# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE PARENT PROJECT FOR MUSCULAR DYSTROPHY RESEARCH, INC., | : :  : : |
| *Plaintiff,* | : Civil Action No. 2:22-cv-04432-MHW-EPD :  |
| v. | : Judge Michael H. Watson : |
| RESEARCH INSTITUTE AT NATIONWIDE CHILDREN'S HOSPITAL, d/b/a THE ABIGAIL WEXNER RESEARCH INSTITUTE, | : Magistrate Judge Elizabeth A. Preston Deavers : : : : |
| *Defendant.* | : : |

**DEFENDANT THE RESEARCH INSTITUTE AT NATIONWIDE CHILDREN'S HOSPITAL FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant The Research Institute at Nationwide Children's Hospital, Inc. hereby propounds the following Requests for Production of Documents upon plaintiff The Parent Project For Muscular Dystrophy Research, Inc.

**DEFINITIONS AND INSTRUCTIONS**

1. As used herein, the terms "Plaintiff" "you," "your," "yours," or "PPMD" mean plaintiff The Parent Project For Muscular Dystrophy Research, Inc. and all of its corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

2. As used herein, the term "Defendant" or "NCH" refers to defendant The Research Institute at Nationwide Children's Hospital, Inc. and all of its corporate parents, subsidiaries,

sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

3. "Award" means the alleged contract that you contend in this action has been breached by NCH.

4. "Sarepta" means Sarepta Therapeutics, Inc. and all of its corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

5. "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

6. "Communication" shall mean every manner of disclosure, transfer, or exchange of information whether Person-to-Person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

7. "Document" is used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, all of the following matter in Your actual or constructive possession, custody, or control: all written, typed, printed, recorded, textual, graphic or photographic matter, software, source code, and object code, however produced or reproduced, any notes or drafts, and all copies on which any mark, alteration, writing, or any other change from the original has been made.

8. "Thing" or "Things" is used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

9. A Document, Thing, or Communication "relating to," "related to," "concerning," or "regarding" a subject shall mean all Documents, Things, or Communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

10. "Documents sufficient to show" means Documents that would permit Defendant, the Court, and/or a jury to ascertain the requested information.

11. As used herein, the term "copies" means electronic or material objects in which a work is fixed by any method and from which the work can be perceived, reproduced, or otherwise communicated.

12. The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

13. The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

15. In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

16. If, in answering these interrogatories you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to the inquiry contained within the discovery request, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the interrogatory.

17. If you object for any reason to any interrogatory or any portion thereof, you are directed to respond fully to the remaining requests and portions thereof.

## INTERROGATORIES

1. Identify all factual and legal bases for your claim that Defendant has breached the Award.

2. Identify all factual and legal bases for your claim that you are entitled to declaratory and injunctive relief in this action.

3. Identify all factual and legal bases for your claim that you are entitled to indemnification.

4. Identify all factual and legal bases for your contention that you are entitled to damages in this case, including but to limited to money damages, costs, expenses and/or attorney's fees.

5. Identify with particularity each agreement between PPMD and Sarepta. A complete answer to this request will include the date the agreement was reached, the Persons making the Agreement, and the complete subject matter of the agreement.

6. Identify with particularity each Person who, since 2012, received an award and/or grant from PPMD, or entered into an agreement relating to research with PPMD, that is subject to an intellectual property policy of PPMD. A complete answer to this request will include the name, address, and all known contact information for the Person.

7. Identify with particularity each Person who, since 2012, received an award and/or grant from PPMD, or entered into an agreement relating to research with PPMD, that provides for PPMD to share in income received by the Person. A complete answer to this request will include the name, address, and all known contact information for the Person.

Dated: March 24, 2023

*/s/ John V. Gorman*
William G. Porter, Trial Attorney (0017296)
Kara M. Mundy (0091146)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay St.
Columbus, OH 43215-1008
Tel: (614) 464-5448/5669
Fax (614) 719-4709 (fax)
wgporter@vorys.com
kmmundy@vorys.com

John V. Gorman (PHV)
Morgan, Lewis & Bockius LLP
1201 North Market Street, Suite 2201
Wilmington, DE 19801
Tel: (302) 574-7297
Fax: (302) 574-3001
john.gorman@morganlewis.com

*Attorneys for Research Institute at Nationwide Children's Hospital, Inc., d/b/a The Abigail Wexner Research Institute*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, I caused the foregoing to be served on the following counsel of record via the following:

**BY HAND DELIVERY**

    David P. Shouvlin, Trial Attorney (0066154)
    C. Darcy Jalandoni (0086981)
    Porter, Wright, Morris & Arthur, LLP
    41 S. High St., 29th Floor
    Columbus, OH  43215
    dshouvlin@porterwright.com
    djalandoni@porterwright.com

**WITH A COURTESY COPY SENT BY E-MAIL TO:**

David Lubitz (pro hac vice)
Schaner & Lubitz, PLLC
4550 Montgomery Avenue, Suite 1100N
Bethesda, MD 20814
Tel: (240) 482-2849
Fax: (202) 470-2240
david@schanerlaw.com

                                                              */s/ Kara M. Mundy*
                                                               Kara M. Mundy