# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE PARENT PROJECT FOR MUSCULAR DYSTROPHY RESEARCH, INC., | : <br> : <br> : <br> : |
| *Plaintiff*, | : Civil Action No. 2:22-cv-04432-MHW-EPD |
| v. | : Judge Michael H. Watson |
| RESEARCH INSTITUTE AT NATIONWIDE CHILDREN'S HOSPITAL, d/b/a THE ABIGAIL WEXNER RESEARCH INSTITUTE, | : Magistrate Judge Elizabeth A. Preston Deavers <br> : <br> : <br> : |
| *Defendant.* | : |

**DEFENDANT THE RESEARCH INSTITUTE AT NATIONWIDE CHILDREN'S HOSPITAL FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant The Research Institute at Nationwide Children's Hospital, Inc. hereby propounds the following Requests for Production of Documents upon plaintiff The Parent Project For Muscular Dystrophy Research, Inc.

**DEFINITIONS AND INSTRUCTIONS**

1. As used herein, the terms "Plaintiff" "you," "your," "yours," or "PPMD" mean plaintiff The Parent Project For Muscular Dystrophy Research, Inc. and all of its corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

2. As used herein, the term "Defendant" or "NCH" refers to defendant The Research Institute at Nationwide Children's Hospital, Inc. and all of its corporate parents, subsidiaries,

sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

      3.     "Award" means the alleged contract that you contend in this action has been breached by NCH.

      4.     "Sarepta" means Sarepta Therapeutics, Inc. and all of its corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

      5.     "NCH Patent" means (a) any and patents or patent applications relating by way of subject matter or priority date to any of the following U.S. or Patent Cooperation Treaty (PCT) patent applications: 62/473,148; 62/573,955; PCT/US2018/022881; PCT/US2018/022853; 62/686,668; 62/740,402; 62/752,841; 62/823,649; PCT/US2019/037489; 62/860,220; 61/563,139; PCT/US2012/066265; 14/360,243; 15/255,295; 16/135,222; 62/323,163; 62/473,253; PCT/US2017/027636; 62/323,163; 62/473,253; PCT/US2017/027635; 62/323,163; 62/473,253; PCT/US2017/027630; 62/062,592; PCT/US2015/055022; 61/814,256 & PCT/US2014/034702; or (b) any patent or patent application known or believed by PPMD to be the subject of an agreement between NCH and Sarepta.

      6.     "PPMD Grant" means an award and/or grant from PPMD to a Person other than NCH, or agreement between PPMD and a Person other than NCH relating to research, made since 2012, that (a) is subject to an intellectual property policy of PPMD and/or (b) provides for PPMD to share in income received by the Person.

7. "PPMD Grant Recipient" means a Person who has received or entered into a PPMD Grant.

8. "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

9. "Communication" shall mean every manner of disclosure, transfer, or exchange of information whether Person-to-Person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

10. "Document" is used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, all of the following matter in Your actual or constructive possession, custody, or control: all written, typed, printed, recorded, textual, graphic or photographic matter, software, source code, and object code, however produced or reproduced, any notes or drafts, and all copies on which any mark, alteration, writing, or any other change from the original has been made.

11. "Thing" or "Things" is used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

12. A Document, Thing, or Communication "relating to," "related to," "concerning," or "regarding" a subject shall mean all Documents, Things, or Communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

13. "Documents sufficient to show" means Documents that would permit Defendant, the Court, and/or a jury to ascertain the requested information.

14. As used herein, the term "copies" means electronic or material objects in which a work is fixed by any method and from which the work can be perceived, reproduced, or otherwise communicated.

15. The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

16. The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

17. In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

18. If, in answering these discovery requests you encounter any ambiguity in construing either the discovery request or a definition or instruction relevant to the inquiry contained within the discovery request, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the discovery request.

19. If you object for any reason to any discovery request or any portion thereof, you are directed to respond fully to the remaining requests and portions thereof.

20. Unless otherwise agreed to by the parties, Plaintiff is to produce requested Documents and Things at the offices of Defendant's counsel of record within 30 days of the date of service of these Requests.

21. Unless agreed to otherwise by the parties, electronically stored information is to be produced in single-page TIFF (Tagged Image File Format) format with available searchable text and reasonably accessible metadata. Spreadsheets, presentations, video/audio files, and any other file type that is not easily converted to an image, shall be provided in native format. Native file names should match the Bates entry for that specific record. Documents shall be produced with logical document breaks, as searchable, and with load field enabling review in common litigation databases such as Concordance and/or Relativity.

## DOCUMENT REQUESTS

1. All Documents and Things identified in Plaintiff's disclosures made under Federal Rule of Civil Procedure 26(a)(1)(A).

2. All Documents and Things identified or referenced in any of your responses to interrogatories served on you in this action.

3. All Documents and Things requested to be identified in interrogatories served upon you in this action.

4. All Documents and Things that you intend to rely upon at a trial or hearing in this action.

5. All Documents referring or relating to any expert you intend to call as a witness at trial or at a hearing in this matter, including but not limited to:

    a. Documents relating to compensation;

    b. Documents authored by such expert;

    c. Documents relating to any assumptions that the expert relied upon in forming the opinions which he or she is expected to testify, and

    d. Documents relating to meetings, conferences or Communications between any representative of Plaintiff, excluding Plaintiff's counsel, and each such expert.

6. All Documents relating to the drafting, negotiation, and/or execution of the Award.

7. All Documents relating to the reasons that PPMD entered into the Award.

8. All Documents relating to Communications between PPMD and non-parties regarding the Award, including but not limited to Communications between PPMD and Sarepta about the Award.

9. All Documents relating to Communications between PPMD and non-parties regarding agreements between NCH and Sarepta.

10. All Documents relating to Communications between PPMD and Sarepta about the research that is the subject of the Award.

11. All Documents relating to Communications between PPMD and Sarepta regarding NCH.

12. All Documents relating to any agreement between PPMD and Sarepta.

13. All Documents relating to Communications between PPMD and non-parties regarding PPMD's dispute with NCH.

14. All Documents relating to Communications within PPMD, excluding communications with PPMD's counsel, regarding PPMD's dispute with NCH.

15. All Documents relating to Communications within PPMD, excluding communications with PPMD's counsel, regarding agreements between NCH and Sarepta.

16. All Documents relating to Communications within PPMD, excluding communications with PPMD's counsel, regarding any NCH Patent.

17. All Documents that refute or support your statement at paragraph 2 of PPMD's complaint that "PPMD seeks to proportionately share in income that a grantee may receive for commercialization of an invention funded in whole or in party by PPMD . . . ."

18. All Documents relating to the discussions referenced at paragraph 13 of PPMD's complaint in this action.

19. All Documents relating to the discussions referenced at paragraph 14 of PPMD's complaint in this action.

20. All Documents relating to the funding proposal referenced at paragraph 14 of PPMD's complaint in this action.

21. All Documents relating to the RINCH Confidentiality Agreement referenced at paragraph 16 of PPMD's complaint in this action.

22. All Documents relating to the amended research and funding proposal referenced at paragraph 16 of PPMD's complaint in this action.

23. Documents sufficient to identify all PPMD Grant Recipients.

24. All Documents constituting a PPMD Grant.

25. Documents sufficient to show all versions of an intellectual property policy of PPMD since 2012.

26. Documents relating to changes to an intellectual property policy of PPMD.

27. Documents relating to Communications made since 2012 with PPMD Grant Recipients regarding an intellectual property policy of PPMD.

**28.** Documents relating to Communications made since 2012 with PPMD Grant Recipients regarding PPMD sharing, or not sharing, in income that the PPMD Grant Recipient received, receives, or may receive.

**29.** Documents relating to PPMD sharing, or not sharing, in income that a PPMD Grant Recipient, Received, receives or may receive.

**30.** All Documents relating to any dispute between PPMD and a PPMD Grant Recipient regarding income that the PPMD Grant Recipient received, receives, or may receive.

Dated: March 24, 2023

*/s/ John V. Gorman*
William G. Porter, Trial Attorney (0017296)
Kara M. Mundy (0091146)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay St.
Columbus, OH 43215-1008
Tel: (614) 464-5448/5669
Fax (614) 719-4709 (fax)
wgporter@vorys.com
kmmundy@vorys.com

John V. Gorman (PHV)
Morgan, Lewis & Bockius LLP
1201 North Market Street, Suite 2201
Wilmington, DE 19801
Tel: (302) 574-7297
Fax: (302) 574-3001
john.gorman@morganlewis.com

*Attorneys for Research Institute at Nationwide Children's Hospital, Inc., d/b/a The Abigail Wexner Research Institute*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, I caused the foregoing to be served on the following counsel of record via the following:

**BY HAND DELIVERY**

> David P. Shouvlin, Trial Attorney (0066154)
> C. Darcy Jalandoni (0086981)
> Porter, Wright, Morris & Arthur, LLP
> 41 S. High St., 29th Floor
> Columbus, OH 43215
> dshouvlin@porterwright.com
> djalandoni@porterwright.com

**WITH A COURTESY COPY SENT BY E-MAIL TO:**

> David Lubitz (pro hac vice)
> Schaner & Lubitz, PLLC
> 4550 Montgomery Avenue, Suite 1100N
> Bethesda, MD 20814
> Tel: (240) 482-2849
> Fax: (202) 470-2240
> david@schanerlaw.com

*/s/ Kara M. Mundy*
Kara M. Mundy
