# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE PARENT PROJECT FOR MUSCULAR DYSTROPHY RESEARCH, INC., | : : : : |
| *Plaintiff*, | : Civil Action No. 2:22-cv-04432-MHW-EPD |
| v. | : Judge Michael H. Watson |
| RESEARCH INSTITUTE AT NATIONWIDE CHILDREN'S HOSPITAL, d/b/a THE ABIGAIL WEXNER RESEARCH INSTITUTE, | : Magistrate Judge Elizabeth A. Preston Deavers : : : : |
| *Defendant.* | : |

**PLAINTIFF PARENT PROJECT FOR MUSCULAR DYSTROPHY RESEARCH, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Parent Project for Muscular Dystrophy Research, Inc. ("PPMD"), submits the following objections and responses to Defendant Research Institute and Nationwide Children's Hospital, Inc.'s ("RINCH's") First Set of Requests For The Production of Documents and Things ("Discovery Requests" and each therein a "Discovery Request"):

GENERAL OBJECTIONS

1. PPMD objects to each Discovery Request and the Instructions in the Discovery Requests to the extent that they seek to impose an obligation on PPMD more burdensome than what is required by the Federal Rules of Civil Procedure, Court order, or other law applicable to PPMD's responses.

2. PPMD objects to each Discovery Request to the extent that it seeks privileged information.

3. PPMD objects to each Discovery Request that seeks information not relevant to any party's claim or defense and is not proportional to the needs of the case.

4. PPMD objects to each Discovery Request that is vague, overly broad, or unduly burdensome.

5. PPMD objects to each Discovery Request, and the Instructions in the Discovery Requests, to the extent they do not include a time frame, reference, restriction, or limitation as overly broad, unduly burdensome, and seeking information not relevant to any party's claim or defense and not proportional to the needs of the case.

6. PPMD objects to each Discovery Request using the phrase "relating to" as overly broad, vague, and ambiguous.

RESPONSES AND SPECIFIC OBJECTIONS

1. All Documents and Things identified in Plaintiff's disclosures made under Federal Rule of Civil Procedure 26(a)(1)(A).

**RESPONSE:** PPMD will produce the requested documents.

2. All Documents and Things identified or referenced in any of your responses to interrogatories served on you in this action.

**RESPONSE:** PPMD will produce the requested documents, subject to and without waiving objections raised in PPMD's Objections and Answers to Defendant RINCH's First Set of Interrogatories ("Answers to RINCH's First Set of Interrogatories").

3. All Documents and Things requested to be identified in interrogatories served upon you in this action.

**RESPONSE:** PPMD objects to the extent the interrogatories and this Discovery Request seek information that is overly broad, unduly burdensome, not relevant or proportional to the present litigation, or otherwise objectionable. Without waiving the foregoing objections, PPMD will produce documents identified in its Answers to RINCH's First Set of Interrogatories.

4. All Documents and Things that you intend to rely upon at a trial or hearing in this action.

**RESPONSE:** PPMD objects to this Discovery Request to the extent it is premature. Discovery is ongoing and PPMD has not yet identified all of the documents and things it intends to rely upon at a trial or any hearing in this action. However, it is likely PPMD will rely upon some of the documents PPMD produces in response to Discovery Request No. 1.

5. All Documents referring or relating to any expert you intend to call as a witness at trial or at a hearing in this matter, including but not limited to:

   a. Documents relating to compensation;

   b. Documents authored by such expert;

   c. Documents relating to any assumptions that the expert relied upon in forming the opinions which he or she is expected to testify, and

   d. Documents relating to meetings, conferences or Communications between any representative of Plaintiff, excluding Plaintiff's counsel, and each such expert.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects that this Discovery Request is premature. PPMD will provide the requested information upon service of its expert reports in accordance with the case schedule.

6. All Documents relating to the drafting, negotiation, and/or execution of the Award.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. Without waiving and subject to the foregoing objections, PPMD will produce non-privileged drafts of the Award and correspondence relating to its negotiation and execution.

7. All Documents relating to the reasons that PPMD entered into the Award.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. Without waiving and subject to the foregoing objections, PPMD will produce documents making reference to PPMD's reasons in entering into the Award.

8. All Documents relating to Communications between PPMD and non-parties regarding the Award, including but not limited to Communications between PPMD and Sarepta about the Award.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects to this Discovery Request to the extent it seeks information that is not relevant to any party's claim or defense in this case and not proportional to the needs of the litigation. In particular, it is unclear how all documents relating to communications to non-parties regarding the Award could be relevant to any of the issues in dispute in this case. Without waiving these objections, PPMD will produce communications between PPMD and Sarepta about the Award.

9. All Documents relating to Communications between PPMD and non-parties regarding agreements between NCH and Sarepta.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects to the extent that this Discovery Request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. In particular, it is

unclear how all documents relating to PPMD communications regarding agreements between NCH and Sarepta, particularly ones not about the Award, research connected to it, or revenues arising from it, could be relevant to or have any bearing on the issues in dispute in this case. Without waiving these objections, PPMD will produce documents relating to communications between PPMD and Sarepta making reference to agreements between NCH and Sarepta about the Award, research connected to it, or revenues arising from it.

10. All Documents relating to Communications between PPMD and Sarepta about the research that is the subject of the Award.

**RESPONSE:**  PPMD objects that the phrase "relating to" is vague and ambiguous. Without waiving the foregoing objection, PPMD will produce documents responsive to this Discovery Request.

11. All Documents relating to Communications between PPMD and Sarepta regarding NCH.

**RESPONSE:**  PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects to the extent this Discovery Request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case. In particular, it is unclear how all documents relating to communications between PPMD and Sarepta regarding NCH not about the Award, research linked to it, or proceeds arising from it could be relevant to any of the issues in dispute in this case. Without waiving these objections, PPMD will produce communications between PPMD and Sarepta referencing NCH in connection with the Award, research linked to it, or proceeds arising from it.

12. All Documents relating to any agreement between PPMD and Sarepta.

5

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects that this Discovery Request seeks information that is not relevant to any party's claim or defense in this case and not proportional to the needs of the case. In particular, it is unclear how such documents could be relevant to any of the issues in dispute in this case. Without waiving these objections, PPMD will produce documents relating to any agreement between PPMD and Sarepta referencing the Award, research linked to it, or proceeds arising from it.

13. All Documents relating to Communications between PPMD and non-parties regarding PPMD's dispute with NCH.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects that this Discovery Request seeks information that is not relevant to any party's claim or defense in this case and not proportional to the needs of the case. In particular, it is unclear how such communications could be relevant to or have any bearing on the issues in dispute in this case. Without waiving these objections, PPMD will produce documents relating to communications between PPMD and Sarepta making reference to PPMD's dispute with NCH, if and to the extent that any such documents are within the possession, custody or control of PPMD.

14. All Documents relating to Communications within PPMD, excluding communications with PPMD's counsel, regarding PPMD's dispute with NCH.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects to the extent this Discovery Request implicates communications protected by the attorney-client privilege or work product. Subject to and without waiving the foregoing objections, PPMD will produce documents responsive to this Discovery Request.

15. All Documents relating to Communications within PPMD, excluding communications with PPMD's counsel, regarding agreements between NCH and Sarepta.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous.  PPMD further objects to the extent this Discovery Request implicates communications protected by the attorney-client privilege or work product.  PPMD further objects to the extent this Discovery Request seeks documents that are not relevant or proportional to the needs of this litigation as noted above.  Without waiving these objections, PPMD will produce documents relating to communications within PPMD regarding agreements between NCH and Sarepta making reference to the Award, research connected to it, or revenues arising from it

16. All Documents relating to Communications within PPMD, excluding communications with PPMD's counsel, regarding any NCH Patent.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous.  PPMD further objects to the extent this Discovery Request implicates communications protected by the attorney-client privilege and/or work product. PPMD further objects that communications regarding any NCH Patent not encompassing the invention at issue in this case are not relevant to any party's claim or defense and not proportional to the needs of this case.  In addition, no applicable law or rule to this Discovery Request imposes on PPMD a burden to research and analyze the many patents RINCH listed in its definition section to determine the scope of each and whether if any of them have connection to the work or research giving rise to the invention that is at issue in this case.

17. All Documents that refute or support your statement at paragraph 2 of PPMD's complaint that "PPMD seeks to proportionately share in income that a grantee may receive for commercialization of an invention funded in whole or in party by PPMD . . . ."

7

**RESPONSE:**  PPMD objects to the phrase "refute or support" as overbroad, vague, and ambiguous.  Without waiving the foregoing objections, PPMD will produce documents responsive to this Discovery Request that "support" this statement in the view of PPMD.  PPMD is not in a position, nor is it obliged under the Federal Rules of Civil Procedure or any other law or rule applicable to this Discovery Request, to determine and identify documents that "refute" the statement, whatever "refute'" means.

18. All Documents relating to the discussions referenced at paragraph 13 of PPMD's complaint in this action.

**RESPONSE:**  PPMD objects that the phrase "relating to" is vague and ambiguous. Without waiving and subject to the foregoing objections, PPMD will produce documents responsive to this Discovery Request.

19. All Documents relating to the discussions referenced at paragraph 14 of PPMD's complaint in this action.

**RESPONSE:**  PPMD objects that the phrase "relating to" is vague and ambiguous. Without waiving and subject to the foregoing objections, PPMD will produce documents responsive to this Discovery Request.

20. All Documents relating to the funding proposal referenced at paragraph 14 of PPMD's complaint in this action.

**RESPONSE:**  PPMD objects that the phrase "relating to" is vague and ambiguous. Without waiving and subject to the foregoing objections, PPMD will produce documents responsive to this Discovery Request.

21. All Documents relating to the RINCH Confidentiality Agreement referenced at paragraph 16 of PPMD's complaint in this action.

**RESPONSE:**  PPMD objects that the phrase "relating to" is vague and ambiguous.  Without waiving and subject to the foregoing objections, PPMD will produce the RINCH Confidentiality Agreement referenced in paragraph 16 of PPMD's Complaint and documents relating to it.

22. All Documents relating to the amended research and funding proposal referenced at paragraph 16 of PPMD's complaint in this action.

**RESPONSE:**  PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD also objects to this Discovery Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  Without waiving and subject to the foregoing objections, PPMD will produce the amended research and funding proposal provided by Dr. Mendell and Dr. Rodino-Klapac on August 22, 2016, and non-privileged communications about that proposal.

23. Documents sufficient to identify all PPMD Grant Recipients.

**RESPONSE:**  PPMD objects that the phrase "sufficient to identify" is vague and ambiguous. PPMD further objects that this Discovery Request seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, as the only grant recipient at issue is NCH.

24. All Documents constituting a PPMD Grant.

**RESPONSE:**  PPMD objects that the phrase "constituting" is vague and ambiguous.  PPMD further objects that this Discovery Request seeks information that is confidential, not relevant to

9

any party's claim or defense and not proportional to the needs of the case. Without waiving and subject to the foregoing objections, PPMD will produce the Award.

25. Documents sufficient to show all versions of an intellectual property policy of PPMD since 2012.

**RESPONSE:** PPMD objects that the phrase "sufficient to show" is vague and ambiguous. Without waiving and subject to the foregoing objections, PPMD will produce the Investigator Award Policy at issue in this case.

26. Documents relating to changes to an intellectual property policy of PPMD.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects to this Discovery Request seeks as it seeks information that is not relevant any party's claim or defense or proportional to the needs of the case. In particular, it is unclear how documents relating to undefined or unspecific "changes" over an indefinite period of time could be relevant to or have any bearing on the issues in dispute in this case.

27. Documents relating to Communications made since 2012 with PPMD Grant Recipients regarding an intellectual property policy of PPMD.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects that this Discovery Request seeks information that is confidential, and is not relevant to any party's claim or defense and not proportional to the needs of the case. In particular, it is unclear how an intellectual property policy PPMD may have employed in dealing with other grant recipients, or how such communications taking place years before or years after the Award, could be relevant to or bear upon the issues in dispute in this case.

28. Documents relating to Communications made since 2012 with PPMD Grant Recipients regarding PPMD sharing, or not sharing, in income that the PPMD Grant Recipient received, receives, or may receive.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects to the extent this Discovery Request seeks information that is confidential, and is not relevant to any party's claim or defense and not proportional to the needs to the litigation. Subject to and without waiving the foregoing objections, PPMD will produce communications between PPMD and RINCH regarding PPMD sharing, or not sharing, in income that RINCH received, receives or may receive.

29. Documents relating to PPMD sharing, or not sharing, in income that a PPMD Grant Recipient, Received, receives or may receive.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects that this Discovery Request seeks information that is confidential, and is not relevant to any party's claim or defense and not proportional to the needs to the litigation. In particular, it is unclear how documents making reference to arrangements with other PPMD grantees regarding undefined grants over an unlimited period of time could be relevant to the issues in dispute in this case. Subject to and without waiving the foregoing objections, PPMD will produce documents evidencing payments by RINCH to PPMD pursuant to the Award.

30. All Documents relating to any dispute between PPMD and a PPMD Grant Recipient regarding income that the PPMD Grant Recipient received, receives, or may receive.

**RESPONSE:** PPMD objects that the phrase "relating to" is vague and ambiguous. PPMD further objects that this Discovery Request seeks information that is confidential, and is not

11

relevant to any party's claim or defense and not proportional to the needs to the case. In particular, it is unclear how documents making reference to disputes PPMD may have had with other grantees over an unlimited period of time could be relevant to the issues in dispute in this case. Subject to and without waiving the foregoing objections, PPMD will produce documents relating to its dispute with RINCH.

                                         Respectfully submitted,

                                         /s/ David P. Shouvlin
                                         David P. Shouvlin, Trial Attorney (0066154)
                                         C. Darcy Jalandoni (0086981)
                                         Porter, Wright, Morris & Arthur, LLP
                                         41 S. High St., 29th Floor
                                         Columbus, OH  43215
                                         dshouvlin@porterwright.com
                                         djalandoni@porterwright.com

                                         David Lubitz (pro hac vice)
                                         Schaner & Lubitz, PLLC
                                         4550 Montgomery Avenue, Suite 1100N
                                         Bethesda, MD 20814
                                         Tel: (240) 482-2849
                                         Fax: (202) 470-2240
                                         david@schanerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2023, I caused the PPMD's Objections and Responses to Defendant's First Set of Requests For The Production of Documents and Things to be served via electronic mail on the following counsel of record:

William G. Porter, Trial Attorney (0017296)
Kara M. Mundy (0091146)
Vorys, Sater, Seymour and Pease LLP
52 E. Gay St.
Columbus, OH 43215-1008
Tel: (614) 464-5448/5669
Fax (614) 719-4709 (fax)
wgporter@vorys.com
kmmundy@vorys.com

John V. Gorman (PHV)
Morgan, Lewis & Bockius LLP
1201 North Market Street, Suite 2201
Wilmington, DE 19801
Tel: (302) 574-7297
Fax: (302) 574-3001
john.gorman@morganlewis.com

/s/ David P. Shouvlin
David P. Shouvlin, Trial Attorney (0066154)

\

22358286v1