# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| The Parent Project for Muscular | : | |
| Dystrophy Research, Inc., | : | Case No. 2:22-cv-04432-HHW-EPD |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | |
| v. | : | Magistrate Judge |
| | : | Elizabeth A. Preston Deavers |
| Research Institute at Nationwide | : | |
| Children's Hospital, Inc., | : | |
| d/b/a The Abigail Wexner Research | : | |
| Institute, | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF PARENT PROJECT FOR MUSCULAR DYSTROPHY RESEARCH, INC.'S
RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Federal Rule 26(a)(1), Plaintiff, Parent Project for Muscular Dystrophy Research, Inc. ("PPMD") makes the following Initial Disclosures, based on the information reasonably available to it.

In making these disclosures, PPMD does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this case.  PPMD's disclosures represent a good faith effort to identify information responsive to Rule 26(a)(1).  PPMD makes these disclosures subject to and without waiving any privilege or discovery protection including,

1

but not limited to, the attorney-client privilege and the work product doctrine. Nor does PPMD waive its right to object to the production of any document or tangible thing described herein on the basis of any privilege, attorney work-product doctrine, relevance, undue burden, or other valid objection. PPMD expressly reserves the right to amend, modify, and/or supplement the information contained herein, and to present witnesses, documents, defenses, and evidence in addition to that which is disclosed herein. PPMD will amend these initial disclosures as appropriate under the Federal Rules of Civil Procedure.

## DISCLOSURES

I. **Persons Likely to Have Discoverable Information (Rule 26(a)(1)(A)(i)).**

Subject to the qualifications set forth above, PPMD identifies the following persons likely to have discoverable information that PPMD may use to support its claims in this case. Defendant Research Institute at Nationwide Children's Hospital ("RINCH") has not yet filed a pleading, and PPMD is thus unaware of any defenses it may need to assert. PPMD's identification of these persons shall not be construed as an admission that such person actually possesses any discoverable information or that any information possessed by these persons is admissible in this matter.

1. Patricia Furlong
   Parent Project for Muscular Dystrophy, Inc.
   1012 14th Street NW, Suite 500
   Washington, D.C. 20005
   (201) 250-8440
   (Contact through counsel for PPMD)

Ms. Furlong has information regarding and relating to the contract between RINCH and PPMD giving rise to this action, PPMD's rights to receive payments from RINCH pursuant to the contract, and RINCH's breach of the contract. Ms. Furlong also has information regarding the liabilities incurred by PPMD arising out of the contract.

2. Abigail Bronson
   c/o Parent Project for Muscular Dystrophy, Inc.
   1012 14th Street NW, Suite 500
   Washington, D.C. 20005
   (201) 250-8840
   (Contact through counsel for PPMD)

   Ms. Bronson, a former PPMD employee, has information regarding and relating to the contract between RINCH and PPMD giving rise to this action, PPMD's rights to receive payments from RINCH pursuant to the contract, and RINCH's breach of the contract.

3. Kaylan Moitoso
   Parent Project for Muscular Dystrophy
   1012 14th Street NW, Suite 500
   Washington, D.C. 20005
   (201) 250-8840
   (Contact through counsel for PPMD)

   Ms. Moitoso has information regarding PPMD fundraising to perform under the contract giving rise to this action and the PPMD grants payment process.  Ms. Moitoso also has information regarding the liabilities incurred by PPMD arising out of the contract.

4. Jerry Mendell, M.D.
   Nationwide Children's Hospital
   700 Children's Drive
   Columbus, Ohio 43205
   (614) 355-7686

   Dr. Mendell has information regarding and relating to the contract between PPMD and RINCH giving rise to this action.

5. Louise Klapac-Rodino, PhD
   Sarepta Therapeutics, Inc.
   215 First Street
   Cambridge, MA 02142
   (617) 274-4000

3

Dr. Rodino-Klapac has information regarding and relating to the contract between PPMD and RINCH giving rise to this action.

6. Matthew McFarland, RPh, PhD
   Nationwide Children's Hospital
   700 Children's Drive
   Columbus, Ohio 43205
   (614) 355-7686

Dr. McFarland has information regarding and relating to the contract between RINCH and PPMD giving rise to this action, PPMD's rights to receive payments from RINCH pursuant to the contract, RINCH's partial payments to PPMD, and RINCH's breach of the contract.

7. Amy J. Roscoe
   Nationwide Children's Hospital
   700 Children's Drive
   Columbus, Ohio 43205
   (614) 355-7686

Ms. Roscoe has information regarding and relating to the contract between RINCH and PPMD giving rise to this action, PPMD's rights to receive payments from RINCH pursuant to the contract, RINCH's partial payments to PPPMD, and RINCH's breach of the contract.

8. Lorina Wise, JD
   Nationwide Children's Hospital
   700 Children's Drive
   Columbus, Ohio 43205
   (614) 355-7686

Ms. Wise has information regarding and relating to the contract between RINCH and PPMD giving rise to this action, PPMD's rights to receive payments from RINCH pursuant to the contract, RINCH's partial payments to PPPMD, and RINCH's breach of the contract.

9. Dennis R. Durbin, M.D. MSCE
   Nationwide Children's Hospital
   700 Children's Drive
   Columbus, Ohio 43205
   (614) 355-7686

4

Dr. Durbin has information relating to the contract between RINCH and PPMD giving rise to this action, PPMD's rights to receive payments from RINCH pursuant to the contract, RINCH's partial payments to PPPMD, and RINCH's breach of the contract.

10. One or more representatives of
    Sarepta Therapeutics, Inc.
    215 First Street
    Cambridge, MA 02142
    (617) 274-4000

Such representative(s) will have knowledge of the effect of the contract giving rise to this action on Sarepta's decision to option, license and provide research and other payments to RINCH in support of, the invention, and payments made by Sarepta to RINCH in support of and in relation to the invention.

11. Other representatives of Plaintiff.

12. All other individuals identified in any of Defendant's Initial Disclosures.

13. Other representatives of Defendant.

14. All individuals deposed in this action.

15. All individuals identified in a document produced in this action.

**II. Description of All Documents, Electronically Stored Information, and Tangible Things in PPMD's Possession, Custody, or Control that May be Relevant to the Parties' Claims and Defenses (Rule 26(a)(1)(A)(ii)).**

Subject to the qualifications set forth above, PPMD has identified the following categories of documents in its possession that it may use to support its claims in this case. RINCH has not yet filed a pleading, and PPMD is thus unaware of any defenses it may need to assert.  PPMD's identification of these categories of documents shall not be construed as an admission that any document is admissible in this matter, and PPMD reserves all objections, including those founded upon any applicable privileges.  Except as otherwise indicated below, the identified documents are in PPMD's possession or control, and are stored either

5

electronically or in hard copy.

1. The contract giving rise to this action.

2. Communications with RINCH representatives regarding and relating to the contract giving rise to this action.

3. Other agreements between PPMD and RINCH to fund RINCH research.

4. Communications with RINCH regarding and relating to other agreements between PPMD and RINCH to fund RINCH research.

5. Records and data of and in relation to payments made by PPMD to RINCH regarding and in relation to the contract giving rise to this action.

6. Records and data of regarding and in relation to payments made by RINCH to PPMD regarding and in relation to the contract giving rise to this action.

7. Records of costs, expenses and payments, including reasonable attorney's fees, incurred by PPMD to obtain relief arising out of RINCH's failures to pay all amounts due pursuant to the contract giving rise to this action.

8. All PPMD documents provided to RINCH pursuant to any RINCH request for production.

9. All PPMD documents used as an exhibit at any deposition in this case.

**III.    Computation of Damages (Rule 26(a)(1)(A)(iii)).**

Subject to the qualifications set forth above, PPMD provides the following computation of damages:

1. Compensatory Damages – PPMD is due $1,431,429 from RINCH based on PPMD's understanding that RINCH has received $39,275,000 in Invention income to date, and PPMD is due 7.16% of any additional Invention income received by RINCH.

    a.  Past - $39,275,000 of RINCH Invention income received, on information and belief x 7.16% = $2,812,090

    $2,812,090 owed to PPMD - $ 1,380,661.60 paid to PPMD = **$1,431,429**

    b.  Future - $2,125,000, the amount paid by PPMD in support of RINCH Invention / $29,668,247, total RINCH Invention support prior to execution of the Sarepta Exclusive License Agreement = **7.16% of RINCH Invention income**

6

With respect to the foregoing, "Invention" means "Systemic Delivery of AAVrh.74.MHCK7.microdystrophin for DMD".

2. Indemnification - All costs, damages and expenses, including reasonable attorney's fees, incurred by PPMD to obtain relief arising out of RINCH's failures to pay all amounts due pursuant to the contract giving rise to this action. This amount can be computed at this time only in part, because such costs, damages, and expenses continue to be incurred. As of the date of these disclosures, such costs, damages, and expenses are estimated to be in excess of: $ 187,400, which amount is approximately the fees and costs incurred by PPMD to its attorneys in relation to PPMD's efforts to obtain the amounts due to PPMD under the contract from January 1, 2022 through February 28, 2023.

IV. **Insurance Agreements That May Satisfy All or Part of a Possible Judgment or Indemnify or Reimburse Payments Made to Satisfy a Judgment (Rule 26(a)(1)(A)(iv)).**

PPMD is unaware of any insurance policy or agreement responsive to Rule 26(a)(1)(A)(iv).

Dated: March 31, 2023

/s/ David P. Shouvlin
David P. Shouvlin, Trial Attorney (0066154)
C. Darcy Jalandoni (0086981)
Porter, Wright, Morris & Arthur, LLP
41 S. High St., 29th Floor
Columbus, OH  43215
Tel: (614) 227-2000
Fax: (614) 227-2100
dshouvlin@porterwright.com
djalandoni@porterwright.com

David Lubitz (pro hac vice)
Schaner & Lubitz, PLLC
4550 Montgomery Avenue, Suite 1100N
Bethesda, MD 20814

7

        Tel: (240) 482-2849
        Fax: (202) 470-2240
        david@schanerlaw.com

*Attorneys for Plaintiff*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2023, a copy of the foregoing Initial Disclosures was served by electronic mail on counsel of record in this action.

<u>C. Darcy Jalandoni</u>

*Attorney for Plaintiff*